IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID LYNCH, #81587                                                                                   PLAINTIFF

VS.                                                                           CIVIL ACTION NO. 4:09cv73-LRA

WILLIAM R. SATCHER, ET AL                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment, ECF No. 41.  Plaintiff David Lynch has not responded to the motion, but the Court has considered in response his pleadings and his sworn testimony given at the omnibus hearing conducted November 9, 2009.  The omnibus hearing was scheduled to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference.  The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915(e)(2).

Having carefully reviewed the complaint, the sworn testimony of Plaintiff at the omnibus hearing, the Motion for Summary Judgment and the accompanying exhibits,[1] as well as the applicable law, the Court finds that Lynch's claims are insufficient in law to state a cause of action under §1983.  The case shall be dismissed for failure to state a claim

---

[1] The Court has considered 26 exhibits ["A" through "Z"] to Defendants' Motion for Summary Judgment.  Plaintiff has not challenged the authenticity of any of the records presented, nor has he presented competent evidence challenging the factual information contained in the affidavits of  William R. Satcher, Chuck Fowler, Willie McKines, or Barry White.

upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2). There is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law. Lynch's complaint will be dismissed for the reasons set forth below.

## STANDARD OF LAW

Under Federal Rule of Civil Procedure 56, summary judgment is only appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This language requires the "entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## BACKGROUND

The facts and background of this case are taken from Plaintiff's testimony and from the records submitted to the Court through the exhibits to Defendants' Motion for Summary Judgment. These exhibits include copies of all the arrest warrants issued for Lynch, as well as the pleadings regarding his guilty plea.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Lynch is currently incarcerated in the custody of the Mississippi Department of Corrections ["MDOC"] at the South Mississippi Correctional Institute ["SMCI"] in Leakesville, Mississippi.

According to Plaintiff's sworn testimony, on January 3, 2007, he was at his home he shared with his girlfriend, Erica Heidelberg, in Quitman, Mississippi.  He heard vehicles outside and hid in the closet.  Defendant Agent William R. Satcher, an officer with the City of Quitman Police Department and an Agent with the South Mississippi Narcotics Task Force ["SMNTK"], entered his home through the front door and told him to come out of the closet.  Defendant Satcher told him he had $2,200 in old fines and arrested him; Satcher said he had a warrant but would not show it to him.  Lynch contends that Defendant Quitman Police Department Officer Willie C. McKines (incorrectly identified as "William McInnis and Clarke County Sheriff Deputy Barry White then searched his home; Quitman Chief of Police Defendant Chuck Fowler was present but remained outside during the search.  Nothing was seized as a result of the search.

Lynch was taken to the Clarke County jail and booked on charges of No Tag, Driving with a Suspended License, No Insurance, and Gaming.  He was about to bond out the same day when he was informed that a detainer had been placed on him.  The hold was because three additional arrest warrants were issued for Plaintiff on January 3, 2007, for three counts of the Sale of a Schedule II Controlled Substance, Crack Cocaine, enhanced for sale near a church or school.  He had an initial appearance for the three counts of crack sales on January 5, 2007, and bail was set at $50,000 for each count.  Lynch did not make bail on these charges until June 22, 2007.  He was never convicted of those charges.

On October 11, 2007, Defendant Satcher set up and was surveilling a drug buy by a confidential informant ["CI"] within 1500 feet of Pearly Grove Baptist Church in Quitman. The CI, wearing a wire, approached Lynch and tried to purchase crack from him. Plaintiff realized something was wrong, ripped the CI's shirt open, and discovered that he was wearing a recording device. Lynch testified that he "beat down" the CI. Defendant Satcher, agent William Petersen, and Willie Charles McKines then arrived and arrested Lynch at the scene.

Lynch was taken to the hospital because he was "banged up" a little during the arrest. At the hospital, Defendant Satcher confiscated $209 and two cellphones from him. On October 11, 2007, Agent Satcher provided him with a "Notice of Intent to Forfeit Seized Property," with the property described as "$209 cash; $60 buy money for SMNTK; Nokia cellphone; Samsung." Lynch signed the Notice of Intent to Forfeit Seized Property.

On October 15, 2007, an arrest warrant for Lynch on the charge of robbery was executed by Municipal Court Judge Jim Potuk; he had an initial appearance the same day. On November 13, 2007, Judge Potuk executed an arrest warrant for Lynch for the sale of crack, enhanced for sale near a church or school. Lynch had an initial appearance on this charge on November 16, 2007.

Plaintiff contends that while he was incarcerated in the Clarke County Jail on December 1, 2007, Defendant Clarke County Deputy Barry White confiscated $235 from him. According to Defendant White's affidavit, he smelled marijuana and observed smoke

4

coming from an eight-man cell. Lynch was housed in this cell. Defendant White searched the cell and found a bag of marijuana and $235 cash. When asked, no inmate claimed the marijuana or the cash. Lynch has not rebutted White's version with competent evidence. Plaintiff also claims that he was caught with a cellphone in the jail on December 23, 2007. He was convicted of possessing contraband in the jail, and he claims that this was his only conviction resulting from the series of arrests. The records submitted by Defendant, and by MDOC records, confirm that he also pled guilty to the sale of cocaine charge [stemming from the October 11, 2007, incident] and is serving time on that conviction and the contraband conviction.

Plaintiff is seeking to have his bond money returned, along with the $209 Defendant Satcher confiscated and his two cellphones. Plaintiff also sues for the alleged illegal search and arrests.

## ANALYSIS OF THE LAW

Lynch asserts he was falsely arrested and subjected to an unlawful search by Defendants on January 3, 2007, and on October 11, 2007, in violation of the Fourth Amendment.

A claim of unconstitutional false arrest requires a showing of no probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Parm v. Shmate,* 513 F.3d 135, 142 (5th Cir. 2007). See also *Baker v. McCollan*, 443 U.S. 137, 144-45 (1979); *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). The "probable cause" analysis only requires that

5

the court find a basis for an officer to believe that there was a "fair probability" that a violation occurred. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000). A claim for false arrest focuses on the validity of the arrest, not the charge, and an arrest may be validly made if there is probable cause, even if the charge ultimately fails. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Therefore, in order to establish a claim for false arrest, Lynch must show that he was arrested without probable cause. Under the undisputed facts and circumstances of Lynch's arrests, he cannot meet this burden. Lynch concedes that his January arrest was made pursuant to six separate arrest warrants issued by a City of Quitman Municipal Court Judge. His primary complaint is that the arrest was due to only misdemeanor charges; he does not dispute that the warrants were valid. He makes only vague references to being "set up," but he states no underlying factual basis for these accusations. "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. *Comer v. Lindley*, 318 Fed. Appx. 300, 301 (5th Cir. 2009), citing *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

The October 11, 2007, arrest was also made with probable cause. Lynch does not dispute the fact that he "jumped" the CI in the presence of Defendant Satcher, or that he plead guilty to a cocaine sale committed on that date. He was arrested for these crimes at the scene, and the facts supporting a finding of probable cause for this arrest are undisputed.

Lynch's primary complaint is that he was not convicted of all the charges stemming from his arrests–that his primary conviction was for having a cellphone in the jail. This is irrelevant as to whether or not the arrests were valid; no conviction is required. Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 754 (5th Cir. 2001).

In *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982), the Court addressed the issue of whether section 1983 liability could be imposed upon a police officer for arresting a suspect under the authority of a properly issued warrant. The Court held as follows:

> The constitution does not guarantee that only the guilty will be arrested . . . . If it did, section 1983 would provide a cause of action for every defendant acquitted--indeed for every suspect released. . . . Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. . . . Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim.

*Id*. at 526 (citations omitted).

Taking Plaintiff's testimony on its face, he concedes that probable cause existed for his arrests. He does not dispute that the misdemeanor warrants were valid, and he does concede that he was talking to the CI, patted him down and found the wire, then tried to "beat him down." These acts constitute probable cause for the arrests. More importantly, he plead guilty to the sale of crack committed in October 2007 [ECF No. 41-25, pp. 1-2]; his guilty plea negates any claim that Defendants did not have probable cause to arrest him.

Plaintiff also complained that he and his home were "illegally" searched when he

7

was arrested on January 3, 2007. However, the fact that Defendants had valid arrest warrants for Plaintiff entitled them to also enter his home for the purpose of arresting him. If an officer holds a valid arrest warrant and reasonably believes that its subject is within certain premises, even belonging to a third party, he does not need to obtain a search warrant to enter for the purpose of arresting the suspect. *See Steagald v. United States*, 451 U.S. 204, 211-12 (1981); *United States v. Cravero*, 545 F.2d 406, 421 (5th Cir. 1976). Defendants did not seize any evidence when they arrested Plaintiff, and no constitutional claim has been stated under the circumstances of this case. The warrants may have been for misdemeanors, but Plaintiff does not dispute their validity.

Defendants contend that they are entitled to qualified immunity from suit. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and whether the official's actions violated that right to the extent that an objectively reasonable person would have known. *Id.*, omitting citation.

The threshold question is whether Plaintiff's allegations establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). As discussed herein, Lynch has failed to state a Fourth Amendment violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 199 (2001). Defendants are immune from this suit and must be dismissed.

Plaintiff also contends that these Defendants stole his cellphone and money, and he requests to be repaid for these items, along with his bond money. As noted earlier, some of the property was seized via a forfeiture proceeding.

Under the Supreme Court's well-settled *Parratt/Hudson*[2] line of cases, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a Section 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). Lynch did not allege that the conversion of his property was a policy of the prison or authorized by the prison. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994).

Plaintiff has failed to state a constitutional claim regarding the conversion of his cellphone and money. He may have stated elements of the tort of conversion under Mississippi law. However, for the reasons set forth in Defendants' Memorandum, pp. 11-

---

[2]*Parratt v. Taylor*, 451 U.S. 527, 541-544 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

14, these state law claims shall also be dismissed with prejudice. Plaintiff failed to comply with the notice of claim requirement of Miss. Code Section 11-46-11, as well as its one-year statute of limitation.

## CONCLUSION

The Court finds that there are no genuine issues as to any material fact in this case, and Defendants are entitled to a judgment at law. Accordingly, Defendants' Motion for Summary Judgment [ECF No. 41], is hereby granted, and the Complaint filed by David Lynch is dismissed with prejudice. Final Judgment in favor of all Defendants shall be entered on this date.

Since this case is dismissed due to Lynch's failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2), a provision of the Prison Litigation Reform Act, it will be counted as a "Strike."[3] If Lynch receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

SO ORDERED this the 21st day of September 2011.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE